**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED FIXTURES COMPANY, INC.,**

**Plaintiff,**

**-vs-** **Case No. 6:08-cv-506-Orl-28GJK**

**BASE MANUFACTURING,**

**Defendant.**

---

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S COMBINED MOTION TO STRIKE AND DISMISS (Doc. No. 43)** |
| **FILED:** | **June 23, 2008** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

**I. BACKGROUND.**

On April 4, 2008, Plaintiff United Fixtures Company, Inc. ("Plaintiff") initiated this action by filing its complaint (the "Complaint"). Doc. No. 1. On May 19, 2008, Defendant Base Manufacturing ("Defendant") filed its Answer, Affirmative Defenses and Counterclaim (individually, the "Affirmative Defenses" or "Counterclaim"). Doc. No. 17. On June 4, 2008, Plaintiff filed an Unopposed Motion for Extension of Time to respond to the Affirmative

Defenses and Counterclaim (Doc. No. 28), which was granted on June 5, 2008. Doc. No. 32. On June 23, 2008, Plaintiff filed its Combined Motion to Strike and Dismiss (the "Motion"). Doc. No. 43. On July 11, 2008, Defendant filed its Opposition to the Motion (the "Response"). Doc. No. 51. On July 14, 2008, the Motion was referred to the undersigned for a report and recommendation. The Motion is now before the Court.

Plaintiff's Complaint asserts a single cause of action for infringement of United States Patent No. 5,875,905 entitled "Tapered Cantilevered Support Arm for Storage Rack Systems (the"905 patent"). Doc. No. 1 at 2. Plaintiff alleges Defendant has and continues to willfully infringe the 905 patent.

In its response to the Complaint, Defendant asserts thirteen affirmative defenses. Doc. No. 17. The following seven affirmative defenses are relevant to the pending Motion: the First Affirmative Defense, which alleges failure to state a cause of action; the Third Affirmative Defense, which alleges invalidity of the 905 patent for failure to comply with the statutory requirements of Parts II and III of Title 35, United States Code, including but not limited to Sections 101, 102, 103, 112 and/or 256; the Fifth Affirmative Defense, which alleges the 905 patent is unenforceable due to "fraud and/or inequitable conduct" having been perpetrated by Plaintiff on the United States Patent and Trademark Office ("PTO") for failure to disclose "material prior art and material information"; the Sixth Affirmative Defense, which alleges the 905 patent is unenforceable due to misuse; the Ninth Affirmative Defense, which alleges that Plaintiff's Complaint is barred by the doctrine of unclean hands; the Eleventh Affirmative Defense, which alleges that Plaintiff's Complaint is barred due to a lack of standing; and the Twelfth Affirmative

Defense, in which the Defendant "reserves the right to assert any other defenses that may be available to it and/or that are subsequently discovered." Doc. No. 17 at 7-9.

Defendant's Counterclaim contains four counts. The following two counts are relevant to the pending Motion: Count III, which contains a claim for declaratory relief that the 905 patent is unenforceable due to inequitable conduct; and Count IV, which seeks a declaration that the 905 patent is unenforceable due to patent misuse. Notably, each count in the Counterclaim incorporates by reference all of the affirmative defenses and all the allegations in any preceding counts of the Counterclaim.

**II. THE MOTION AND RESPONSE.**

In its Motion, Plaintiff seeks an order striking the First Affirmative Defense (Failure to State a Claim), Third Affirmative Defense (Invalidity), Fifth Affirmative Defense (Fraud/Inequitable Conduct), Sixth Affirmative Defense (Misuse), Ninth Affirmative Defense (Unclean Hands), Eleventh Affirmative Defense (Lack of Standing) and Twelfth Affirmative Defense (Reservation of Rights). Doc. No. 43. Plaintiff maintains that these defenses should be stricken because they fail to comply with the applicable pleading standards contained in Federal Rules of Civil Procedure 8(b) and/or 9(b). Plaintiff maintains that pursuant to Rule 9(b), Defendant's Fifth Affirmative Defense (Fraud/Inequitable Conduct) and Sixth Affirmative Defense (Misuse) as well as Counts III (Inequitable Conduct) and IV (Misuse) of the Counterclaim must be plead with particularity. Plaintiff maintains that Defendant failed to comply with Rule 9(b) and, therefore, the Fifth and Sixth Affirmative Defenses should be stricken and Counts III and IV of the Counterclaim should be dismissed. In support of its argument, Plaintiff relies on *Central Admixture Pharmacy Services, Inc. v. Advanced Cardiac Solutions*, 482

F.3d 1347, 1356 (Fed. Cir. 2007) (affirming dismissal of inequitable conduct defense which lacked particularity), *Advanced Cardiovascular Systems, Inc. v. Medtronics, Inc.*, 1996 WL 467293, *10-11 (N.D. Cal. 1996) (describing inequitable conduct before the PTO as including "fraud, deception, or failure to disclose material information" and holding: "To the extent that the defendant's affirmative defense for … patent misuse rests on allegations of inequitable conduct before the PTO, defendant must plead these defenses with the specificity required under Rule 9(b).") and *Advanced Cardiovascular Systems, Inc. v. Scimed Systems, Inc.*, 1996 WL 467277, *4 (N.D. Cal. 1996) ("Defendant must state how plaintiff has attempted to [misuse] its patent such as to cause an anticompetitive effect, and the defendant must provide some factual basis for the allegation that defendant knew the patent was invalid or unenforceable when plaintiff filed the present action.").[1] Plaintiff maintains that the Third Affirmative Defense (Invalidity) and Ninth Affirmative Defense (Unclean Hands) should be stricken because they are pled in conclusory fashion and fail to plead any factual support or the elements of such defenses. Plaintiff maintains these defenses fail to comply with Rule 8(b), or, to the extent the Ninth Affirmative Defense is based on alleged inequitable conduct, Rule 9(b). Doc. No. 43 at 9-10. In support of its argument, Plaintiff cites *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D. Fla. 2002) (dismissing affirmative defenses where no factual support was alleged). Finally, Plaintiff maintains that the First Affirmative Defense (Failure to State a Cause of Action), Eleventh Affirmative Defense (Lack of Standing) and Twelfth Affirmative Defense (Reservation

[1] More specifically, Plaintiff maintains that *Central Admixture* requires the disclosure of the specific content and circumstances surrounding the alleged misrepresentation, including what prior art was allegedly undisclosed and how the conduct was meant to mislead the PTO. Plaintiff also argues that *Medtronics* requires identification of the persons engaged in the alleged misconduct, as well as the time, place and specific content of any alleged misrepresentation.

of Rights) should be dismissed with prejudice because they do not constitute affirmative defenses. In support of its argument, Plaintiff cites *Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F.Supp.2d 1314, 1318 (S.D. Fla. 2005) ("[A] defense which simply points out a defect or lack of evidence in a plaintiff's case is not an affirmative defense."), *Home Design Services, Inc. v. Hibiscus Homes of Florida, Inc.*, 2005 WL 3445522, *6 (M.D. Fla. 2005) (striking standing defense) and *Merrill Lynch Business Financial Services, Inc. v. Performance Machine Systems U.S.A., Inc.*, 2005 WL 975773, *12 (S.D. Fla. 2005) (reservation of rights "is a nullity and surplusage as Defendants will still have to move for leave to amend to raise new defenses.").

Finally, Plaintiff maintains that the Counterclaim should be dismissed to the extent that it is premised on the Fifth Affirmative Defense (Fraud/Inequitable Conduct) or Sixth Affirmative Defense (Misuse).

In its Response, Defendant requests that the Court defer ruling on the Motion until Defendant's Corrected Motion to Transfer (Doc. No. 42) is decided and discovery is complete. As a matter of judicial efficiency, Defendant suggests its pleading should be allowed to stand while discovery is taken and, at the conclusion of discovery, if one or more of Plaintiff's arguments is ultimately proven to be correct, Defendant states it would acknowledge that at the appropriate time. Doc. No. 51 at 2-3. Defendant cites a single case, *Mars Inc. v. JCM Am. Corp.*, 2006 WL 1704469 (D.N.J. 2006), as an "example" for the proposition that Rule 9(b) does not apply to a claim alleging inequitable conduct. Doc. No. 51 at 4. Defendant cites *Advanced Cardiovascular Systems, Inc. v. Scimed Systems, Inc.*, 1996 WL 467277 (N.D. Cal. 1996) and *Central Admixture Pharmacy Services, Inc. v. Advanced Cardiac Solutions*, 482 F.3d 1347, 1356 (Fed. Cir. 2007) for

the proposition that to the extent the Motion is granted, dismissal should be without prejudice. Doc. No. 51 at 3.

## III. STANDARD OF REVIEW.

### A. Motion to Dismiss Pursuant to Rule 12(b)(6).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint or counterclaim may be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) is the appropriate means by which a party may challenge the legal sufficiency of a counterclaim. In deciding a Rule 12(b)(6) motion to dismiss, a court must accept all factual allegations in the complaint as true and read them in the light most favorable to the plaintiff. *Erickson v. Pardus*, 127 S.Ct. 2197 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *See also Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S.Ct. at 1964-65 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* at 1965. Plaintiff must plead enough facts to state a plausible, and not merely conceivable, basis for the claim. *Id.*

**B. Motion to Strike Pursuant to Rule 12(f).**

Whereas Rule 12(b)(6) governs the sufficiency of a counterclaim, Rule 12(f) governs the sufficiency of affirmative defenses. Although a different section of Rule 12 governs challenges to counterclaims as opposed to defenses, both kinds of challenges relate to the legal sufficiency of a party's pleadings.

Pursuant to Fed.R.Civ.P. 12(f), the Court may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Courts generally disfavor motions to strike. *Ayers v. Consolidated Construction Services of SW Florida, Inc.*, 2007 WL 4181910 *1 (M.D.Fla.2007).[2] A court may strike an affirmative defense if the defense is insufficient as a matter of law. *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla.2002) (citing *Anchor Hocking Corporation v. Jacksonville Electric Authority*, 419 F.Supp. 992, 1000 (M.D.Fla.1976)). Affirmative defenses may be insufficient as a matter of law if they fail to meet the general pleading requirements of Fed.R.Civ.P. 8. *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D. Fla.2002) (citing *Anchor Hocking Corporation v. Jacksonville Electric Authority*, 419 F.Supp. 992, 1000 (M.D.Fla.1976)); *McGlothan v. Walmart Stores, Inc.*, 2006 WL 1679592 *1 (M.D.Fla.2006). Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, a defendant must "state in short and plain terms its defenses to each claim asserted against it" and Rule 8(d)(1) requires that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(b) and (d)(1). Certain defenses are subject to the heightened standard of pleading contained in 9(b) which states:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting the fraud or

[2] Pursuant to the Eleventh Circuit Rules, unpublished opinions are merely persuasive authority. 11th Cir. R. 36-2.

> mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Fed. R. Civ. P. 9(b). Accordingly, the pleading requirements for complaints and affirmative defenses under Rules 8 and 9 are essentially the same.[3] An affirmative defense that simply contains conclusory allegations is improper. *Microsoft*, 211 F.R.D. at 684. The affirmative defense must be stricken if it provides no more than a bare bones conclusory allegation. *Id*.

**IV. ANALYSIS.**

Defendant's First Affirmative Defense (Failure to State a Cause of Action) and Eleventh Affirmative Defense (Lack of Standing) are improper because they are not affirmative defenses. *Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F.Supp.2d 1314, 1318 (S.D. Fla. 2005) ("[A] defense which simply points out a defect or lack of evidence in a plaintiff's case is not an affirmative defense."); *Home Design Services, Inc. v. Hibiscus Homes of Florida, Inc.*, 2005 WL 3445522, *6 (M.D. Fla. 2005) (striking standing defense). Similarly, Defendant's Twelfth Affirmative Defense (Reservation of Rights) is improper. *Merrill Lynch Business Financial Services, Inc. v. Performance Machine Systems U.S.A., Inc.*, 2005 WL 975773, *12 (S.D. Fla. 2005) (reservation of rights "is a nullity and surplusage as Defendants will still have to move for leave to amend to raise new defenses."). Therefore, the first, eleventh and twelfth affirmative defenses should be stricken. Because the matters pled do not constitute affirmative defenses, it is recommended that they be dismissed with prejudice.

---

[3] It should be noted that under federal standards of notice pleading, it is not always necessary to allege the evidentiary facts constituting the defense. "[F]or example, a statement that '[t]his claim is barred by the statute of limitations,' gives fair notice of the defense and meets Rule 8 pleading requirements." *McGlothan.*, 2006 WL 1679592 at *1.

Defendant's Third Affirmative Defense (Invalidity), Fifth Affirmative Defense (Fraud/Inequitable Conduct), Sixth Affirmative Defense (Misuse) and Ninth Affirmative Defense (Unclean Hands) exemplify the meaning of "conclusory allegations." Defendant makes broad assertions that Plaintiff's claims are barred due to a failure to comply with various statutory requirements, "including but not limited to" five different statutory sections, unspecified allegations of fraud and/or inequitable conduct and unidentified conduct giving rise to unclean hands. The affirmative defenses are totally devoid of any allegations that would put Plaintiff on notice of the factual basis for legal defenses asserted. As such, the third, fifth, sixth and ninth affirmative defenses should also be stricken. *See, e.g., Medtronics*, 1996 WL 467293, *11 ("Since the [statutory sections cited in the affirmative defense] provide numerous grounds for finding a patent invalid, the defendant must provide a more specific statement of the basis for this defense in order to give [plaintiff] fair notice of the claims being asserted."); *Scimed*, 1996 WL 467277, *4 ("defendant must plead more than conclusory allegations of patent misuse).[4]

In regard to Counts III (Declaratory Relief Based On Inequitable Conduct) and IV (Declaratory Relief Based On Patent Misuse) of the Counterclaim, those counts purport to incorporate all prior allegations contained in the Counterclaim, including each of the affirmative defenses and all preceding counts.[5] However, like the affirmative defenses

[4] The Court should reject Defendant's suggestion that deferring ruling on the Motion and allowing discovery to proceed would be the more efficient method of proceeding. The Federal Rules of Civil Procedure are designed to promote efficiency and following them would make administration of the case more efficient for the parties and the Court.

[5] Although not raised by the parties, it should be noted that the Eleventh Circuit has noted the practice of incorporating prior counts into subsequent ones make a pleading incomprehensible and, therefore, is prohibited. *Cesnick v. Edgewood Baptist Church*, 88 F.3d 902, 905-05 (11th Cir. 1996). Separate discrete causes of actions should be plead in separate counts. Fed. R. Civ. P. 10(b). When pleadings are unclear, the Court may sua sponte strike the pleading or require a more definite statement. *Cesnick*, 88 F.3d at 907 n. 13.

addressed above, Counts III and IV of the Counterclaim contain no allegations whatsoever that would put the Plaintiff on notice of the factual basis for the legal theories asserted. Therefore, Counts III and IV of the Counterclaim should be dismissed.[6]

## V. **CONCLUSION.**

For the foregoing reasons, it is RECOMMENDED that:

1. Defendant's first, eleventh, and twelfth affirmative defenses should be stricken because the matters pled do not constitutes affirmative defenses;
2. Defendant's third, fifth, sixth, and ninth affirmative defenses should be stricken because they are conclusory allegations;
3. Counts III and IV of Defendant's Counterclaim should be dismissed for failure to put Plaintiff on notice regarding the factual basis for the legal theories asserted; and
4. The Motion be GRANTED and the Defendants be given 10 days leave to amend its answer, affirmative defenses and counterclaim.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

---

[6] The result would be the same whether or not Defendant's pleading is governed by the heightened pleading requirement of Rule 9(b). However, the Court notes that Defendant has apparently misread the *Mars* case, which it cited as an "example" of case law holding that inequitable conduct allegations are not subject to Rule 9(b). Doc. No. 51 at 4. To the contrary, in *Mars*, the Court specifically noted: [I]n addressing the pleading requirements of an inequitable conduct claim, courts have recognized that an inequitable conduct claim falls within the scope of Federal Rule of Civil Procedure 9(b), and therefore, any inequitable conduct claim or defense must be pled with particularity." *Mars*, 2006 WL 1704469 at *5.

**RECOMMENDED** at Orlando, Florida on September 12, 2008.

Copies to:
The Honorable John Antoon
Counsel of Record

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE